United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PACIFIC BELL TELEPHONE COMPANY, a
California corporation doing business as
AT&T CALIFORNIA,

        Plaintiff and Petitioner

  v.

THE CITY OF WALNUT CREEK and THE
CITY COUNCIL OF THE CITY OF WALNUT
CREEK,

        Defendants and Respondents.
_____/

No. C-05-4723 MMC

**ORDER GRANTING IN PART AND
DENYING IN PART CALIFORNIA CABLE
& TELECOMMUNICATIONS
ASSOCIATION'S MOTION TO
INTERVENE**

(Docket No. 23)

      Before the Court is California Cable & Telecommunications Association's ("CCTA")

motion, filed March 3, 2006, to intervene in the instant action.  Plaintiff Pacific Bell

Telephone Company, doing business as AT&T California ("AT&T"), and defendants City of

Walnut Creek and the City Council of the City of Walnut Creek (jointly "City") have filed

separate oppositions to the motion; CCTA has filed a consolidated reply.  Having

considered the papers filed in support and in opposition to the motion and the arguments of

counsel, and for the reasons set forth at the April 7, 2006 hearing, the Court rules as

follows.

      Where, as here, a party seeks intervention as a matter of right in the absence of a

federal statute conferring an unconditional right to intervene, it "must meet four

requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." See Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003).  Even assuming, arguendo, CCTA has adequately demonstrated that it has a "significantly protectable interest," it has not demonstrated that the City will not adequately represent CCTA's interests.  Accordingly, CCTA's motion to intervene as a matter of right, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, is DENIED.

"An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." See Donnelly v Glickman, 159 F.3d at 412.  "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." See id.  "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).  Although the Court finds CCTA has satisfied the three threshold requirements for permissive intervention, permitting CCTA to litigate its affirmative claims would unduly delay the resolution of the instant action.  Accordingly, CCTA's motion for permissive intervention is GRANTED in part and DENIED in part.  CCTA may intervene for the purpose of defending against the claims asserted by AT&T, but may not assert any claims on its own behalf.  CCTA's Answer shall be filed no later than April 21, 2006.

This order terminates Docket No. 23.

**IT IS SO ORDERED**

Dated: April 13, 2006

MAXINE M. CHESNEY
United States District Judge

2